NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30229 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00025-TMB-DMS-1 |
| v. | |
| CHRISTOPHER MONTEL HAYNES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted June 21, 2021**

Before: SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Christopher Montel Haynes appeals from the district court's judgment

revoking supervised release and challenges the court's imposition of a special

condition of supervised release requiring him to submit to polygraph examinations.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. King*, 608 F.3d 1122, 1130 (9th Cir. 2010), we affirm.

The district court revoked supervised release based on Haynes's admission to having unsupervised contact with a female minor under the age of 13. It then imposed a new special condition requiring him to undergo polygraph examinations at the request of his probation officer during his 9-month supervised release term. Haynes argues that the condition is a greater deprivation of his liberty than is reasonably necessary because he completed his term of probation and sex offender treatment following his state conviction for attempted sexual abuse of a minor, his state conviction was more than 10 years old, and the contacts giving rise to the revocation were "fleeting and isolated" and were not sexual in nature. Although there was no allegation or evidence that Haynes had sexual contact with the minor, we conclude that the district court did not abuse its "significant discretion" in imposing the condition. *See id.* at 1130. As the district court stated, the condition is reasonably related to protecting the public in light of Haynes's criminal history and his initial dishonesty about the contact. *See* 18 U.S.C. § 3583(d); *King*, 608 F.3d at 1130-31; *see also United States v. Hohag*, 893 F.3d 1190, 1194 (9th Cir. 2018) (describing polygraph testing as "a relatively unintrusive means of evaluating a defendant's risk of engaging in sexual misconduct").

**AFFIRMED.**

20-30229